UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. KULKA, et al.,<br><br>　　　　Defendants. | No.  2:14-cv-02581 AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the magistrate judge.  ECF No. 5.

I.　　Motion to Proceed In Forma Pauperis

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

1

>granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court takes judicial notice[1] of the national pro se "three strikes" database,[2] which includes the following "three strikes" cases:

(1) Hendon v. Rogel, 2:05-cv-01063 DFL PAN (PC) (E.D. Cal.) (dismissed August 28, 2006 for failure to state a claim);

(2) Hendon v. Witcher, 1:05-cv-01246 AWI DLB (PC) (E.D. Cal.) (dismissed August 6, 2007 for failure to state a claim); and

(3) Hendon v. White, 2:07-cv-01825 GEB CMK (PC) (E.D. Cal.) (dismissed by order filed February 5, 2008 for failure to state a claim).[3]

Each of these cases were dismissed well prior to the filing of the instant action on November 1, 2014.[4]

Also prior to the filing of this action, plaintiff was found to have been barred under § 1915(g) from proceeding in forma pauperis in Hendon v. Baroya, No. 1:09-cv-0911 MJS P (E.D. Cal.) (order denying leave to proceed in forma pauperis filed on July 29, 2010) and in Hendon v. Kulka, No. 2:14-cv-1171 KJN P (E.D. Cal.) (order denying leave to proceed in forma pauperis filed on June 9, 2014).

The undersigned has conducted an independent review of the above cases and concurs that on at least three occasions prior to the filing of the present action, plaintiff has brought civil

---

[1] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] A Ninth Circuit committee has directed this court to access this database for PLRA three-strikes screening purposes.

[3] The order of dismissal does not explicitly state that plaintiff's complaint was dismissed for failure to state a claim. However, the district judge recognized the magistrate judge's finding that plaintiff's claim was not cognizable under 42 U.S.C. § 1983 and subsequently adopted the findings and recommendations in full and dismissed the case. See Order of dismissal (ECF No. 9 at 2-3).

[4] The complaint was filed by the clerk on November 4, 2014. ECF No. 1.

actions that were dismissed for failure to state a claim upon which relief may be granted. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir.2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g))"; see also, Abdul–Akbar v. McKelvie, 239 F.3d 307, 312–14 (3rd Cir.2001); Medberry v. Butler, 185 F.3d 1189, 1192–93 (11th Cir.1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998).

The court notes at the outset that plaintiff's complaint, ECF No. 1, is nearly identical to the complaint plaintiff filed on May 9, 2014 in another Eastern District case, Hendon v. Kulka, 14-1171 KJN, see ECF No. 1.[5] In Hendon v. Kulka, Magistrate Judge Newman summarized plaintiff's allegations and considered whether plaintiff satisfied the imminent danger exception:

> Pursuant to the instant complaint, plaintiff challenges the "unwanted administration of anti-psychotic drugs," both for himself and on behalf of "all present and future California inmates of the CDCR on involuntary medication." (ECF No. 1 at 2, 3, 5.) Plaintiff relies on the California appellate court's holding in Keyhea v. Rushen, 178 Cal. App. 3d 526 (1986), which affirmed the right of a state prisoner to refuse psychotropic medications unless he has been adjudged by a superior court to be incompetent to refuse such medication. Accord, In re Qawi, 32 Cal. 4th 1, 21 (2004); see also United States v. Williams, 356 F.3d 1045, 1054 (9th Cir. 2004 ("The Supreme Court has thrice recognized a 'liberty interest in freedom from unwanted antipsychotic drugs.'") (Citations omitted.)
>
> The complaint names two defendants: Dr. William Kulka, plaintiff's psychiatrist at California State Prison Sacramento (CSP-SAC), and Mike Stainer, Director of the Division of Adult Institutions for the California Department of Corrections and Rehabilitation (CDCR). Plaintiff alleges that "on February 17, 2009, Defendant Kulka initiated the involuntary medication for Plaintiff before the hearing occurred, and Plaintiff's medications [have] been renewed since then." (Id. at 4.) Plaintiff alleges that he has been denied due process and that he continues to suffer side effects to the challenged medication, including tremors or shakiness in his right hand.

---

[5] The only discernible difference between the two complaints is the signature date.

3

>Plaintiff also seeks to represent "thousands of present and future inmates on involuntary medication."[6] (Id. at 5.) Plaintiff alleges that defendant Stainer "is responsible for the unlawful regulations and procedures challenged herein, and has the authority and legal obligation to eliminate unwanted administration of anti-psychotic drugs by abolishing these regulations, and procedures." (Id. at 3.)
>
>The court finds that plaintiff has failed to demonstrate he was "under imminent danger of serious physical injury" when he filed the complaint. Plaintiff is challenging a medication regimen that commenced in February 2009, more than five years ago, and alleges no specific threat of physical injury, other than his allegedly ongoing and relatively minor side effects to the medication.
>
>Plaintiff's failure to demonstrate an imminent risk of serious physical injury at the time he filed his complaint requires that he be denied in forma pauperis status in pursuing this action.

Hendon v. Kulka, 14-1171 KJN (E.D. Cal. June 9, 2014) (ECF No. 6 at 2-4).

The undersigned concurs with Judge Newman's determination that the facts alleged in plaintiff's complaint do not satisfy the imminent danger exception. The gravamen of plaintiff's complaint is that he is being forced to take anti-psychotic medication against his will. In an attempt to establish that he filed his complaint under imminent danger of serious physical injury, plaintiff asserts that the tremors and shakiness he experiences could be signs of a condition called Tardive Dyskenisia ("TD"). ECF No. 1 at 6. According to plaintiff, TD is a serious condition which may become permanent and the risk of developing TD may increase with the continued use of prescription drugs. Id. However, even assuming that TD constitutes a serious physical injury, there is no indication that plaintiff is in imminent danger of developing the condition. Plaintiff has been experiencing tremors and shakiness in his hand since November 2013,[7] if not earlier,[8]

---

[6] Plaintiff is informed that, as a non-lawyer proceeding without counsel, he cannot represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule particularly applies when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). Therefore, should this action proceed, it will not be construed as a class action, but instead as an individual civil suit brought by plaintiff alone.

[7] See ECF No. 1 Exh. C at 30.

[8] In his motion to file documents under seal, filed the same date as his complaint, plaintiff states that he experienced tremors and shakiness in early to mid-June 2013 and continued to

1 and apparently has not developed TD. Moreover, the fact that plaintiff filed this same complaint
2 on May 9, 2014 and added no new facts when he filed the instant complaint six months later
3 suggests that whatever risk plaintiff may have of developing TD, the danger is not imminent.

Plaintiff has not made the requisite showing of "imminent danger" to qualify for an exception to the "three strikes" bar under § 1915(g). Accordingly, plaintiff must be denied in forma pauperis status. Plaintiff is required to pay the full filing fee in order to proceed with this action.

## II. Motion to File Documents Under Seal

Plaintiff has also filed a motion to file documents under seal in which he requests permission to file "Appendix B-C" of his complaint under seal because they contain "confidential medical information that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA)." ECF No. 3 at 1.

Local Rule 141(a) states that "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." A court order is required for each sealing request. "To ensure that documents are properly sealed, specific requests to seal must be made even if an existing protective order, statute, or rule requires or permits the sealing of the document." E.D. Local Rule 141(a).

Local Rule 141(b) sets forth the procedure for seeking to file documents under seal and states in pertinent part:

> [T]he 'Notice of Request to Seal Documents shall be filed electronically.... The Notice shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the 'Request to Seal Documents,' proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and the documents were served on all other parties.

/////

/////

---

experience these symptoms until he filed his complaint in November 2014. See ECF No. 3 at 2-3. It is not clear from plaintiff's declaration if he experienced these symptoms prior to June 1, 2013.

5

1    Rule 141(b) further requires that "[t]he 'Request to Seal Documents' shall set forth the
2 statutory or other authority for sealing, the requested duration, the identity, by name or category,
3 of persons permitted access to the documents, and all other relevant information."
4    Here, the court's review of the record indicates that the documents plaintiff seeks to file
5 under seal were attached as exhibits to his publicly-filed November 1, 2014 complaint. See ECF
6 No. 1 Exh. B-C at 15-30.  Accordingly, plaintiff has waived any interest he had in maintaining the
7 confidentiality of these particular medical records.  Moreover, plaintiff attached these same
8 exhibits to the complaint he filed in Hendon v. Kulka, 14-1171 KJN (E.D. Cal. June 9, 2014)
9 (ECF No. 1 at 12-27), and did not file the exhibits under seal.  Thus, even if the court were to
10 grant plaintiff's motion to file the documents under seal in the instant case, plaintiff's privacy
11 would not be protected because the documents are still available elsewhere.  Plaintiff's motion is
12 denied.
13    Accordingly, IT IS HEREBY ORDERED that:
14    1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied;
15    2. Plaintiff is required to pay the filing fee of $350.00 in full within thirty days of the
16       date of this order, in order to proceed with this action; and
17    3. Failure to pay the filing fee in full as directed will result in dismissal of this action;
18       and
19    4. Plaintiff's motion to seal (ECF No. 3) is denied.
20 DATED: August 3,2015.

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6